IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

| | |
|---|---|
| JAMES OSTEEN | * |
| Plaintiff, | * |
| v. | * CIVIL ACTION NO. 2:05-CV-715-A |
| | (WO) |
| LELAND ENZOR, JR., *et al*., | * |
| Defendants. | * |

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this 42 U.S.C. § 1983 action, James Osteen, a county inmate, challenges the constitutionality of his incarceration in the Covington County Jail. He files this action against attorney Leland Enzor, Jr., and Sheriff Anthony Clark. Plaintiff seeks monetary damages and/or his immediate release from confinement.

After a thorough review of the complaint, the court concludes that dismissal of this case prior to service of process is proper under 28 U.S.C. § 1915(e)(2)(B).[1]

**I. THE COMPLAINT**

Shortly after being released from prison, Plaintiff was re-incarcerated for being in

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

contempt of court for failing to pay child support. He contends that Defendant Enzor abused the legal process by causing him to be arrested on the contempt charges without first providing him with notice that such action would be taken. Plaintiff states that since he had just been released from prison, he had insufficient time to find a job in order to pay his child support.

Plaintiff further complains that Sheriff Anthony Clark is illegally holding him in prison on the contempt charge. According to the complaint, Sheriff Clark has advised Plaintiff that he can purge himself of the contempt charge and obtain his release from prison by making a payment toward the amount of child support in arrearage.

## II. DISCUSSION

*A. The Unlawful Incarceration Claim*

Plaintiff complains that his incarceration in the Covington County Jail pursuant to an order of contempt for failure to pay child support issued by the District Court of Covington County is illegal. This claim goes to the fundamental legality of Plaintiff's confinement, and, consequently, provides no basis for relief at this time. *Edwards v. Balisok,* 520 U.S. 641, 646 (1997)*; Heck v. Humphrey,* 512 U.S. 477 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

In *Heck,* the Supreme Court held that a claim for damages challenging the legality of a prisoner's conviction or confinement is not cognizable in a 42 U.S.C. § 1983 action "unless

and until the [order requiring such confinement] is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus" and complaints containing such claims must therefore be dismissed. 512 U.S. at 483-489. The Court emphasized that "habeas corpus is the exclusive remedy for a [confined individual] who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983" and, based on the foregoing, concluded that Heck's complaint was due to be dismissed as no cause of action existed under section 1983. 512 U.S. at 481. In so doing, the Court rejected the lower court's reasoning that a section 1983 action should be construed as a habeas corpus action.

In *Balisok,* the Court further concluded that an inmate's "claim[s] for declaratory [and injunctive] relief and money damages, . . . that necessarily imply the invalidity of the punishment imposed, is not cognizable under § 1983 . . ." unless the inmate can demonstrate that the challenged action has previously been invalidated. 520 U.S. at 648. Moreover, the Court determined that this is true not only when a prisoner challenges the judgment as a substantive matter but also when "the nature of the challenge to the procedures could be such as necessarily to imply the invalidity of the judgment." *Id.* at 645. The Court reiterated the position taken in *Heck* that the "sole remedy in federal court" for a prisoner challenging the constitutionality of his confinement is a petition for writ of habeas corpus. *Balisok*, 520 U.S. at 645. Additionally, the Court "reemphasize[d] . . . that a claim either is cognizable under

§ 1983 and should immediately go forward, or is not cognizable and should be dismissed." *Id*. at 649.

Plaintiff's complaint that Defendant Clark is unlawfully detaining him on contempt charges asserts a challenge to the constitutionality of an order of incarceration entered against Plaintiff by the District Court of Covington. A judgment in favor of Plaintiff in this cause of action would necessarily imply the invalidity of this order and Plaintiff's resulting confinement. It is clear from the complaint that the order of incarceration about which Plaintiff complains has not been invalidated in an appropriate proceeding. Consequently, the instant collateral attack on his confinement in the Covington County Jail is prohibited as habeas corpus is the exclusive remedy for an inmate who challenges the validity of the fact or duration of his confinement. *Balisok,* 520 U.S. at 645; *Heck,* 512 U.S. at 481; *Preiser v. Rodriguez*, 411 U.S. 475, 488-490 (1973). Such attack is, therefore, subject to summary dismissal by this court in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).

B. *Attorney Leland Enzor*

According to the complaint, Leland Enzor, Jr. is a state attorney who subjected Plaintiff to unlawful incarceration after he issued an affidavit which led to Plaintiff's arrest for failing to pay child support. Plaintiff maintains that Defendant Enzor's actions subjected him to harassment, malicious prosecution, and failed to afford him due process.

If Defendant Enzor's conduct about which Plaintiff complains was taken in the

capacity of an assistant district attorney, the court notes that "[a] prosecutor is entitled to absolute immunity for all actions he takes while performing his function as an advocate for the government." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993). The prosecutorial function includes the initiation and pursuit of criminal prosecution, *Imbler v. Pachtman*, 424 U.S. 409, 424 (1976), and all appearances before the court, including examining witnesses and presenting evidence. *See Burns v. Reed*, 500 U.S. 478, 492 (1991)." *Rowe v. Fort Lauderdale*, 279 F.3d 1271, 1279 (11th Cir. 2002); *see also Mastroianni v. Bowers*, 60 F.3d 671, 676 (11th Cir. 1998).

> [A]bsolute immunity is an entitlement to be free from suit for money damages.... [T]he purpose of the immunity is to shield officials from the distractions of litigation arising from the performance of their official functions. To fulfill its purpose, official immunity protects government officials not only from having to stand trial, but also from having to bear the other burdens attendant to litigation, including pretrial discovery.... In *Imbler v. Pachtman*, 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976), the Supreme Court held that a prosecutor is absolutely immune from civil suit for damages under section 1983 for actions taken "in initiating a prosecution and in presenting the State's case." *Id.* at 431, 96 S.Ct. at 995.

*Marx v. Gumbinner*, 855 F.2d. 783, 788-89 (11th Cir. 1988).

If the actions about which Plaintiff complains with respect to Defendant Enzor arise from this defendant's role "as an 'advocate' for the state," such actions were "intimately associated with the judicial phase of the criminal process." *Mastroianni*, 60 F.3d at 676. (citations omitted). Defendant Enzor is, therefore, "entitled to absolute immunity for that

conduct." *Id*.

To the extent the actions about which Plaintiff complains with respect to Defendant Enzor were taken in his capacity as a private attorney, such claims likewise provide no basis for relief in the instant cause of action. An essential element of a 42 U.S.C. § 1983 action is that the conduct complained of was committed by a person acting under color of state law. "[P]rivate attorneys, even court-appointed attorneys, are not official state actors and . . . are not subject to suit under section 1983." *Mills v. Criminal District Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988) ; *Parratt v. Taylor*, 451 U.S. 527 (1981). Accordingly, Plaintiff's claims against Defendant Enzor are due to be dismissed under 28 U.S.C. § 1915(e)(2)(B)(i).

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's claims against Defendant Enzor be DISMISSED with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i);

2. Plaintiff's unlawful confinement claim be DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii);

3. This complaint be DISMISSED prior to service of process.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before September 13, 2005. Any objections filed must specifically

identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 31st day of August, 2005.

                                            /s/Charles S. Coody
                                        CHARLES S. COODY
                                        CHIEF UNITED STATES MAGISTRATE JUDGE